IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. KENDALL DYE,<br><br>     Plaintiff,<br><br><br><br><br>            vs.<br><br><br>ATK LAUNCH SYSTEMS, INC.,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br><br><br><br>Case No. 1:06-CV-39 TS |

This matter comes before the Court on Defendant ATK Launch Systems, Inc.'s Motion to Dismiss the Complaint, or in the Alternative to Strike Allegations of the Complaint. The Court heard oral argument on the Motion on May 12, 2008. Having considered the memoranda submitted by the parties, the oral argument of counsel, and being otherwise fully informed, the Court will deny the Motion as set forth below.

## I.  INTRODUCTION

The Complaint centers around the sales by Defendant ATK of illuminating flares to the government. The government alleges that those flares are defective. The Complaint contains the following causes of action: a claim under the False Claims Act, payment by mistake, unjust enrichment, and breach of contract. Defendant seeks dismissal of all of these claims, arguing the

government's Complaint fails to set forth a necessary factual averment—namely, that the flares failed to pass the applicable test set forth in the specifications.  Defendants also seek to strike various statements in the Complaint which refer to statements allegedly made by Defendant's employees to foreign entities.

## II.  12(b)(6) STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2]  All well-pleaded factual allegations in the Amended Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3]  But, the court "need not accept conclusory allegations without supporting factual averments."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  Thus, "the complaint must give the

---

[1]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2]*Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[6]

### III.  FACTUAL BACKGROUND

The following allegations are taken from the Complaint.  The United States contracted with ATK for the production and delivery of LUU-2 and LUU-19 illuminating flares.  ATK delivered thousands of these flares to the government and the government paid tens of millions of dollars for them.  ATK certified that the flares it delivered conformed to contract requirements.  The contract requirements incorporate the flares' specifications.  The relevant portion of the specification, Section 3, contains, among others, a requirement that the flares be capable of withstanding a ten foot drop test.  Section 4 of the specifications provides the method for verifying compliance with the specifications and includes specific instructions on how the ten foot drop test is to be conducted.

The government alleges that ATK certified that the flares met the specifications, including the ten foot drop test, and made representations to the government that the flares complied with the specifications.  The government further alleges that the flares are not, in fact, capable of withstanding the ten foot drop test.  As a result, the government asserts that the flares do not meet the contract requirements and that ATK knew or should have known that the flares did not conform to the contract requirements.  The government alleges that it was harmed as a result of ATK's actions.

In its Motion, Defendant argued that Plaintiff's Complaint is missing one key factual averment: that the government performed the ten foot drop test in accordance with Section 4 and

---

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

that the flares failed to meet that test.  At oral argument, Defendant appeared to abandon this argument, admitting that the flares had a vulnerability that the parties did not desire.  Instead, Defendant argues that the Complaint fails to sufficiently allege scienter.  The Court will discuss both arguments.

## IV.  MOTION TO DISMISS

The False Claims Act imposes liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval"[7] or who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government."[8]

To set forth a prima facie case under § 3729(a)(1) the government "must prove three elements: (1) a false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment or approval; (3) with the knowledge that the claim was false."[9]  The three elements of a § 3729(a)(2) claim are: "'(1) the defendant made a

---

[7] 31 U.S.C. § 3729(a)(1).

[8] *Id*. § 3729(a)(2).

[9] *United States ex rel. Walker v. R&F Prop. of Lake County, Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005).  *See also United States ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 740–41 (7th Cir. 2007) (setting out elements under § 3729(a)(1)); *United States ex rel. Hefner v. Hackensack Univ. Med. Ctr.*, 495 F.3d 103, 109 (3d Cir. 2007) (same); *United States v. Southland Mgmt. Corp.*, 288 F.3d 665, 675 (5th Cir. 2002) (same); *United States v. Mackby*, 261 F.3d 821, 826 (9th Cir. 2001) (same); *United States v. Basin Elec. Power Coop.*, 248 F.3d 781, 803 (8th Cir. 2001) (same); *Lyerly v. United States*, 120 F.3d 261, *1 (4th Cir. 1997) (same); *United States ex rel. Aranda v. Cmty Psychiatric Ctrs. of Okla.*, 945 F.Supp. 1485, 1487 (W.D. Okla. 1996) (same).

4

statement in order to receive money from the government, (2) the statement was false, and (3) the defendant knew it was false.'"[10]

A.    FALSE CLAIM OR STATEMENT

Defendant argues that the government has failed to set forth sufficient factual allegations to show that the claims presented and statements made were false—a necessary element under both provisions of the False Claims Act.  Specifically, in order to show that ATK's claims and statements that the flares met the contract specifications were false, Defendant argues that the government must provide sufficient factual averments that the flares did not meet the contract specifications, thus making ATK's statements untrue.  The only way to make this showing, Defendant argues, is to show that the government performed the ten foot drop test and that the flares failed that test.  Defendant argues that the Complaint fails to set forth this factual averment.

The relevant factual allegations contained in the Complaint are as follows:

Between March 21, 2005, and August 8, 2005, the Navy acquired at least 12 LUU-19 flares and drop tested them.[11]  The first flare was dropped, with the timer down, from 40 feet and ignited on impact.[12]  Flares 3, 6, and 9 were dropped horizontally from 40 feet and also ignited.[13]

_____

[10]*United States ex rel. Crews v. NCS Healthcare of Illinois, Inc.*, 460 F.3d 853, 856 (7th Cir. 2006) (quoting *United States ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005)).  *See also Fowler*, 496 F.3d at 741 (setting forth elements under § 3729(a)(2)); *Southland*, 288 F.3d at 675 (same); *United States ex rel. DRC, Inc. v. Custer Battles, LLC*, 444 F.Supp. 2d 678, 685 (E.D. Va. 2006) (same).

[11]Docket No. 24, ¶ 62.

[12]*Id*. ¶ 64.

[13]*Id*.

5

Flare 11 was dropped horizontally from 30 feet and ignited.[14]  Flare 12 was dropped horizontally from 20 feet and ignited as well.[15]

In October 2005, ATK performed an analysis of the forces applied to a dropped flare.[16] As a result of that analysis, an ATK employee reported that the flare igniter could result in a fire or explosion of the flare in which the igniter was installed when dropped from as little as 11.6 inches.[17]

On November 9, 2005, ATK conducted its own drop tests of the flares.[18]  Of the five flares tested that day, two were fully configured for delivery, and ignited when first dropped: one at ten feet and another at five feet.[19]

Beginning on November 16, 2005, ATK notified the government and others that two of the flares failed at five and ten feet and that the flares "may be more sensitive to impact in certain clocking orientations than provided for in the specification."[20]

On November 29, 2005, another ATK employee presented an analysis of drop test predicted probabilities.[21]  ATK's calculations reflected that a 10 foot drop of a LUU flare without constraining the orientation has a 20% chance of ignition and that the probability when dropped

---

[14]*Id.*

[15]*Id.*

[16]*Id.* ¶ 66.

[17]*Id.*

[18]*Id.* ¶ 67.

[19]*Id.*

[20]*Id.* ¶ 69.

[21]*Id.* ¶ 70.

horizontally from 10 feet is approximately 90%.[22]  Further testing by ATK revealed that ignition

could result from a drop height as low as 3.75 feet and a 50% probability of ignition from a drop

of 6.5 feet.[23]

In a January 9, 2006 letter to a potential customer, an ATK employee stated that the flares

offered to that customer were from an existing inventory and did not pass the drop test in certain

orientations.[24]

A February 9, 2006 Discrepancy Report prepared by ATK noted that they were unable to

verify that the current configuration of the LUU 2 flare could meet the ten foot drop test.[25]

Defendant is correct that there is no factual averment that the government performed the

ten foot drop test and that the flares failed that test.  However, this is not fatal.  The contract

requires that the flares be able to withstand a ten foot drop test.  Thus, in order to allege a

violation under the False Claims Act, the government would have to allege, as they do, that

Defendant made a claim or statement that the flares could meet the ten foot drop test

requirement, that the claim or statement was false, and that Defendant had knowledge of its

falsity.

Here, the government alleges that the flares could not meet the ten foot drop test and

provides sufficient factual averments to support that allegation.  Therefore, the Motion to

---

[22]*Id.*

[23]*Id.* ¶ 74.

[24]*Id.* ¶ 75.

[25]*Id.* ¶ 76.

Dismiss will be denied on this ground.  For the same reasons, Plaintiff's common law claims for payment by mistake, unjust enrichment, and breach of contract may remain.

B.      SCIENTER

Defendant, for the first time at oral argument, argued that the Complaint is also deficient concerning the scienter requirement.  As this issue was not raised previously, it has not been briefed by either party.

Knowledge is one of the elements necessary to state a cause of action under the False Claims Act.  The False Claims Act defines "knowing" as "actual knowledge of the information," "deliberate ignorance of the truth or falsity of the information," or "reckless disregard of the truth or falsity of the information."[26]  No proof of a specific intent to defraud is required.[27]

Having reviewed the Complaint, the Court finds that the government has sufficiently alleged knowledge on the part of ATK.[28]  Therefore, the Motion to Dismiss will be denied on this ground.

V.  MOTION TO STRIKE

In the alternative, Defendant seeks to strike the allegations in the Complaint relating to statements allegedly made by ATK to foreign governments and entities concerning the flares pursuant to Fed.R.Civ.P. 12(f).  Defendant argues that these alleged statements serve no purpose other than to smear ATK.  The government counters that the allegations should not be stricken

---

[26]31 U.S.C. § 3729(b).

[27]*Id*.

[28]*See* Docket No. 24, ¶¶ 49–52, 96.

because they show knowledge on the part of ATK that the flares did not meet the contract requirements.

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to Strike under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.[29] In order to succeed, it must be shown that the allegations being challenged are so unrelated to the claims as to be unworthy of any consideration and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.[30]

The allegations at issue are not so unrelated to the claims to be unworthy of consideration. Any prejudice to Defendant is not sufficient to justify striking these allegations. Thus, the Motion to Strike will be denied.

## VI.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss the Complaint, or in the Alternative to Strike Allegations of the Complaint (Docket No. 28) is DENIED.

DATED May 14, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[29] 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1380 (3d ed. 2004).

[30] *Id.*

9