IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. KENDALL DYE,<br><br>   Plaintiff,<br><br>vs.<br><br>ATK LAUNCH SYSTEMS, INC.,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br><br><br>Case No. 1:06-CV-39 TS |

      This matter comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I.  BACKGROUND

      Plaintiff, the federal government, brings claims against Defendant under the False Claims Act, and for payment by mistake, unjust enrichment, and breach of contract. Plaintiff's claims arise out of sales by Defendant to Plaintiff of illuminating flares. Plaintiff alleges that the flares failed to meet the applicable contract specifications. Defendant has answered Plaintiff's Complaint and has asserted a number of affirmative defenses which are the subject of this Motion. Plaintiff seeks to strike Defendant's affirmative defenses. Plaintiff argues that

Defendant's affirmative defenses fail to provide a short and plain statement of facts or allege necessary elements. Plaintiff further argues that the defenses fail as a matter of law.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(f) states that "[t]he court may strike from a pleading an insufficient defense . . . ." "A defense is insufficient if, as a matter of law, it cannot succeed under any circumstances."[1] Motions to Strike under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.[2]

## III. DISCUSSION

A.  PROPER PLEADING OF AFFIRMATIVE DEFENSES

Plaintiff first argues that all of Defendant's affirmative defenses should be stricken because they fail to meet the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(b)(1)(A) requires that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." Here, Defendant's Answer contains a short and plain statement of its defenses. Thus, there is no need to strike Defendant's affirmative defenses as a whole. The Court rejects Plaintiff's request to adopt a more exacting standard than is required by the Federal Rules.

B.  INSUFFICIENT AS A MATTER OF LAW

In addition to arguing that all of Defendant's affirmative defenses should be stricken, Plaintiff argues that the defenses are insufficient as a matter of law.

---

[1] *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F.Supp. 1448, 1450 (D. Kan. 1993).

[2] 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1380 (2007).

*1.     Failure to State a Claim Upon Which Relief May be Granted*

Defendant's first defense is that Plaintiff has failed to state a claim upon which relief may be granted. The Court has already ruled on this issue in denying Defendant's Motion to Dismiss. Therefore, the Court will strike this defense.

*2.     Failure to Invoke Administrative Remedies/Absence of Subject Matter Jurisdiction*

The Third Defense states:

> The Court does not have subject matter jurisdiction over Count III of the Complaint, because under the terms of the parties' contracts on which the Plaintiff relies, Plaintiff has not invoked the administrative process required to claim the relief requested in Count III, which provides Plaintiff's exclusive remedy for such relief under the subject contracts. In addition, under the terms of those contracts, the Contract Disputes Act provides an exclusive alternative form to adjudicate the Plaintiff's claims for breach of contract.[3]

Defendant argues that if Plaintiff's False Claims Act claim is dismissed, the Court will lose jurisdiction of the remaining claims. Those claims, Defendant asserts, would be barred because Plaintiff has failed to exhaust the administrative remedies available under the Control Disputes Act ("CDA").[4]

The CDA establishes a comprehensive scheme of legal and administrative remedies for the resolution of government contract disputes. The CDA provides that "[a]ll claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer"[5] and shall not be brought in federal district court. However, the CDA

---

[3] Docket No. 62, at 30.

[4] 41 U.S.C. § 605.

[5] *Id*. § 605(a).

3

exempts from this preclusion all claims "involving fraud."[6] Thus, "when a breach of contract or unjust enrichment claim is intimately bound up with and part of the same cause or controversy as [a False Claims Act] claim, the government need not pursue the claims in two separate fora, but may instead pursue all claims in federal district court."[7]

Defendant contends that if the False Claims Act claim is dismissed, the Court will be without jurisdiction under the CDA. However, as discussed above, the CDA exempts from preclusion all claims "involving fraud." Thus, even if the False Claims Act claim is dismissed, the Court may be able to retain jurisdiction over those claims "involving fraud." If Defendant is able to obtain a judgment in its favor on all claims "involving fraud," the Court may be without jurisdiction under the CDA. This is an issue for a different day. For these reasons, Plaintiff has not shown that the Third Defense cannot succeed under any circumstances. Therefore, it will not be stricken.

### 3. Equitable Estoppel

Defendant's Seventh Defenses states: "The Plaintiff has engaged in conduct upon which ATK reasonably relied to its detriment. Recovery under these circumstances would be manifestly unjust. As a result, the Plaintiff's claims for relief are barred in whole or in part by the doctrine of equitable estoppel."[8]

To state a claim of estoppel against a private party, a litigant must establish four elements: (1) the party to be estopped must know of the facts; (2) the party to be estopped must

---

[6] *Id.* ("This section shall not authorize any agency head to settle, compromise, pay, or otherwise adjust any claim involving fraud.").

[7] *United States v. Unified Indus., Inc.*, 929 F.Supp. 947, 951 (E.D. Va. 1996).

[8] Docket No. 62, at 31.

intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury.[9] "A claim of estoppel against the government requires an additional element: the party asserting estoppel must show that the government has engaged in 'affirmative misconduct.'"[10]

Defendant's estoppel defense suffers from two flaws. First, Defendant's Answer contains no allegations of affirmative misconduct, a prerequisite to proving an estoppel defense against the government. Second, "[w]hile estoppel may be available against the government in some instances, courts have not entertained the defense where public money is at stake."[11] The Supreme Court has stated that "judicial use of the equitable doctrine of estoppel cannot grant [a claimant] a money remedy that Congress has not authorized."[12] This logic applies equally in situations, such as the one here, where Plaintiff seeks to recover funds spent contrary to the will of Congress.[13] Since this action involves the recovery of public funds, Defendant's estoppel

---

[9]*Rios v. Ziglar*, 398 F.3d 1201, 1208 (10th Cir. 2005).

[10]*Id.*

[11]*United States v. Cushman & Wakefield, Inc.*, 275 F.Supp. 2d 763, 768 (N.D. Tex. 2002) (citing *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 422, 426 (1990)).

[12]*Richmond*, 496 U.S. at 426.

[13]*See United States v. Southland Mgmt. Corp.*, 288 F.3d 665, 683 (5th Cir. 2002).

defense fails as a matter of law.[14]  For these reasons, Defendant's estoppel defense will be stricken.

   4.  *Waiver and Ratification*

Defendant's Fifth Defense provides:

> The Plaintiff voluntarily or knowingly waived or relinquished the claims that it seeks to assert in this action, and/or entitlement in whole or in part to any remedy for which it prays.  As a result, the Plaintiff's claims for relief are barred either in whole or in part by the doctrine of waiver.[15]

Defendant's Sixth Defense states: "The Plaintiff's claims with respect to flares delivered in and after March 2006 are barred in whole or in part by the doctrine of ratification."[16]

 A violation of the rights of the United States may not be waived or ratified by the unauthorized acts of its agents.[17]  Plaintiff states that the only governmental body authorized to waive or ratify the rights of the United States in this case is the Department of Justice. Defendant has not alleged that the Department of Justice waived these rights.  Therefore, as

---

[14] *See Cushman & Wakefield, Inc.*, 275 F.Supp. 2d at 769 (striking estoppel defense); *see also United States v. Manhattan-Westchester Med. Servs., P.C.*, 2008 WL 241079, *3 (S.D.N.Y. Jan. 28, 2008) (striking estoppel affirmative defense because action involved recovery of public funds).

[15] Docket No. 62, at 30–31.

[16] *Id*. at 31.

[17] *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947) ('Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority."); *see also United States v. Fitch*, 185 F.2d 471, 474 (10th Cir. 1950) ("[I]t is an established principle of law that the United States may not be estopped by the unauthorized acts of its agents nor may such agents waive the rights of the United States by their unauthorized acts.").

currently pled, Defendant's waiver and ratification defenses fail as a matter of law and will be stricken.

   6.  *Intervening Causation and/or Joint Fault*

Defendant's Eighth Defense states: "The Plaintiff's claims for relief are barred in whole or in part because any harm to the Plaintiff was caused in whole or in part by the Plaintiff's own actions and/or joint fault."[18]

It is unclear exactly what Defendant's intend to assert with this defense. However, to the extent that this defense is based on contributory or comparative negligence, it fails. Courts have held that the doctrines of contributory or comparative negligence do not apply to intentional torts (such as fraud or unjust enrichment), the False Claims Act, or to contract actions.[19] Defendant states that it does not seek to assert a defense of contributory or comparative negligence. Therefore, this claim will not be stricken to the extent it alleges something other than contributory or comparative negligence.

   7.  *Mutual Mistake*

Defendant's Ninth Defense provides that "Plaintiff's claims are barred and/or preempted by the doctrine of mutual mistake."[20] Plaintiff argues that the doctrine of mutual mistake is a principle of contract law and, thus, is not applicable to its claims under the False Claims Act and

---

[18] Docket No. 62, at 31.

[19] *See Cushman & Wakefield, Inc.*, 275 F.Supp. 2d at 773 (finding that claims of contributory or comparative negligence do not apply to intentional torts such as fraud or unjust enrichment, nor do they apply to False Claims Act claims). *See also Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1337 (10th Cir. 1984) ("contributory negligence has no place in contract and fraud actions").

[20] Docket No. 62, at 31.

the equitable principles of unjust enrichment and payment by mistake. Defendant responds that the doctrine of mutual mistake can excuse contract performance and it is entitled to develop facts to prove mutual mistake.

Plaintiff has not shown that the defense of mutual mistake cannot succeed under any circumstances, at least with respect to Plaintiff's breach of contract claim. Thus, the Court will not strike this defense.

    *8.    Election of Remedies and Bar by Express Contract*

Defendant's Tenth Defense states that "Plaintiff is not entitled to some or all of the relief it seeks on the ground that it previously elected inconsistent remedies."[21] Defendant's Fourth Defense states: "Plaintiff's quasi-contract claims as pleaded in Counts IV and V herein are barred by the terms of specific and detailed contracts between Plaintiff and Defendant ATK, which exclusively determine the parties' rights and entitlements against each other."[22]

Plaintiff argues that these defenses fail because it is permitted to plead in the alternative. While it is true that Plaintiff can plead in the alternative, Plaintiff provides no valid reason to strike these defenses. Further, Plaintiff argues that Defendant is incorrect when it argues that its quasi-contract claims are barred by the express contract. Courts are split as to whether claims for unjust enrichment and payment by mistake are barred by an express contract in False Claims Act

---

[21] *Id*.

[22] *Id*. at 30. Defendant states that its Fourth Defense contains a typographical error. That defense should apply to Counts III and IV, not Count V. Docket No. 73, at 9 n.5. Plaintiff has recognized this error. Docket No. 68, at 7 n.3.

cases.[23] The Court need not rule on this issue at this time. Therefore, Plaintiff's Motion will be denied with respect to these defenses.

      9.     *Failure to Mitigate Damages*

Defendant's Eleventh Defense states that "[t]he Plaintiff's claims for relief are barred in whole or in part by Plaintiff's failure to mitigate damages."[24] Plaintiff argues that it has no duty to mitigate damages in cases under the False Claims Act, as well as its claims of unjust enrichment, payment by mistake, and breach of contract. Defendant responds that Plaintiff does have a duty to mitigate damages.

In its Reply brief, Plaintiff has cited to a number of unpublished cases, all of which have held that a defense of failure to mitigate damages is an improper defense to False Claims Act claims.[25] Those cases are persuasive and Defendant has provided no authority to the contrary. For this reason, Defendant's Eleventh Defense will be stricken as to Plaintiff's False Claims Act claim, but will not be stricken as to the remaining claims.

      10.     *Recoupment and/or Setoff*

The Twelfth Defense states: "ATK is entitled to recoupment and/or setoff of amounts paid and/or costs incurred with respect to any of the delivered flares which are the subject of the Complaint herein."[26]

---

[23] *Compare United States v. Applied Pharmacy Consultants, Inc.*, 182 F.3d 603, 608 (8th Cir. 1999) *with Untied States v. Science Applications Int'l Corp.*, 555 F.Supp. 2d 40, 59–60 (D.D.C. 2008).

[24] Docket No. 62, at 32.

[25] Docket No. 83, at 3 & Exs. 2–4.

[26] Docket No. 62, at 32.

Plaintiff argues that this Defense should be stricken.  Plaintiff's argument, however, is in direct contradiction to the Supreme Court's direction in *United States v. Bronstein*,[27] which addressed damages under the False Claims Act.  In that case, the Court held that "damages should be doubled before any compensatory payments are deducted, because that method of computation most faithfully conforms to the language and purpose of the Act."[28]  This language clearly indicates that the Court anticipated situations where an offset would be present.  Courts have followed *Bronstein* in subtracting offsets after trebling damages.[29]  For this reason, this defense will not be stricken.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Strike Affirmative Defenses (Docket No. 67) is GRANTED IN PART AND DENIED IN PART as set forth above.  The hearing set for October 20, 2008, is STRICKEN.

DATED October 16, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[27] 423 U.S. 303 (1976).

[28] *Id*. at 314.

[29] *See, e.g., United States v. Entin*, 750 F.Supp. 512, 519–20 (S.D. Fla. 1990) (deducting offset after trebling damages).